UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 17-00422 SJO (SPx) | **DATE:** April 17, 2017 |
| **TITLE:** Thomas Dipley v. Union Pacific Railroad Co., et al. | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |
| **COUNSEL PRESENT FOR PLAINTIFF:** | **COUNSEL PRESENT FOR DEFENDANTS:** |
| Not Present | Not Present |

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND** [Docket No. 17]

This matter is before the Court on Plaintiff Thomas Dipley's ("Dipley" or "Plaintiff") Motion to Remand ("Motion"), filed March 29, 2017. Defendants Union Pacific Railroad Co., George Slaats, Christopher Mengel, Robert Morrison, Robert M. Grimaila, and Joshua N. Closson (collectively, "Defendants") filed their Opposition on April 10, 2017, to which Plaintiff replied on April 14, 2017.[1] The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 1, 2017. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Plaintiff alleges the following. Plaintiff is and at all times was employed by Defendant Union Pacific Railroad Co. ("Union Pacific") as a Deputy Chief in its police force in Riverside County, California. (Defs.' Notice of Removal ("Removal"), ECF No. 1, Ex. 1 Complaint ("Compl.") ¶ 10, ECF No. 1-1.) The individual named Defendants are employees at Union Pacific and were Plaintiff's supervisors. (Compl. ¶¶ 11-17.) Plaintiff alleges that, on or about January 29, 2014, a Union Pacific Police Department Special Agent was injured during the course of his employment. (Compl. ¶ 18.) Although Plaintiff had no involvement in the injury, Plaintiff learned in the fall of 2014 that his 2015 pay, stock options, and bonus would be adversely affected by the injury. (Compl. ¶ 29.) On February 5, 2015, Plaintiff learned that he was denied any stock options and did not receive his full annual bonus or pay raise for 2014 as a result of the injury. (Compl. ¶ 31.)

On April 8, 2015, another Special Agent was allegedly injured in the course of his employment. (Compl. ¶ 33.) Plaintiff alleges that he was ordered by his supervisors to, but refused to, participate in Union Pacific's harassment, retaliation, and discrimination against the Special Agent for

---

[1] The Court disregards pages 6-9 of Plaintiff's Reply because it exceeds the Court's five-page limit for replies. (Initial Standing Order, Ex. A ¶ 24, ECF No. 10.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  CV 17-00422 SJO (SPx)          DATE: April 17, 2017

sustaining an on-the-job injury.  (Compl. ¶ 36.)  On May 1, 2015, Plaintiff filed a complaint with Union Pacific and its law enforcement agency about the proposed and actual illegal retaliatory actions against the Special Agent.  Thereafter, Defendant Thomas Mengel ("Mengel") called Plaintiff to admonish him about his filing a whistleblower complaint.  (Compl. ¶¶ 37-39, 41.)  Within days, Defendant Mengel and Defendant Robert Morrison ("Morrison") scheduled Plaintiff for Command Center Training in Omaha, Nebraska on Plaintiff's previously-approved vacation days, as harassment for filing the complaint.  (Compl. ¶ 42.)  On May 29, 2015, Plaintiff filed an online whistleblower complaint with the U.S. Department of Labor's Occupational Safety and Health Administration ("OSHA"), alleging that he received a negative performance evaluation in February 2015 arising out of an on-duty injury that an employee reported to him, which he reported to his supervisors (the "Whistleblower Complaint").[2]  (*See* Compl. ¶ 41; Removal, Ex. 5 Decl. of Betsy S. Gassaway ("Gassaway Decl."), ECF No. 1-5, Ex. A 8-10.)  Defendants then set about a pattern and practice to harass Plaintiff and put him at risk of physical harm by expanding his territory, eliminating manpower in his territory and equipment used for police safety, including his own safety.  (Compl. ¶ 43-48.)

On January 31, 2017, Plaintiff filed his Complaint in the California Superior Court for the County of Riverside, alleging (1) retaliation in violation of public policy (*Tameny* claim); (2) harassment in violation of public policy; and (3) California Labor Code ("CLC") violations.[3]  (*See generally* Compl.)  Most of the Defendants were served with the Summons and Complaint on February 2, 2017, February 6, 2017, and February 9, 2016.  (Notice of Removal ("Removal") ¶¶ 3-6, ECF No. 1.)  On March 3, 2017, Defendants Union Pacific Railroad Co., George Slaats, Christopher Mengel and Robert Morrison removed the action to this Court; Defendants Robert M. Grimaila and Joshua N. Closson were not served at the time of the removal, but join in the removal.  (Removal ¶¶ 7-8.)  Defendants removed the action pursuant to 28 U.S.C. section 1331, on the basis that the Federal Railroad Safety Act, 49 U.S.C. §§ 20101, *et seq.* ("FRSA"), preempts the Complaint.  (Removal ¶ 20.)  As discussed below, the Court **REMANDS** the action.

///
II.    DISCUSSION

---

[2]  Defendants state that Plaintiff filed the Whistleblower Complaint on or around August 3, 2015.  (Removal ¶ 34.)  However, the record indicates that, on May 29, 2015, Plaintiff filed an online whistleblower complaint (number ECN8567) with OSHA, which provided notice to Union Pacific on August 3, 2015.  (Gassaway Decl., Ex. A 4-8.)

[3]    A *Tameny* claim is "an exception to the at-will employment doctrine that allows employees fired in violation of fundamental state or federal public policy to recover tort damages from employers."  *Gonero v. Union Pac. R. Co.*, No. CV 09-02009 WBS, 2009 WL 3378987, at *7 (E.D. Cal. Oct. 19, 2009) (citing *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 172 (1980)).

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 17-00422 SJO (SPx)   **DATE:** April 17, 2017

### A. Legal Standard

An action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (internal citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Id.* (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

In determining whether a claim "aris[es] under the Constitution, laws, or treaties of the United States" under 28 U.S.C. section 1331, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007) (internal quotation marks and citations omitted). Thus, "the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotation marks and citation omitted). It is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 14 (1983); *accord*, *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

Under the "complete preemption doctrine" exception, however, if "federal law completely preempts a plaintiff's state-law claim . . . any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Botsford v. Blue Cross & Blue Shield of Mont.*, 314 F.3d 390, 393 (9th Cir. 2002) (internal citation and quotations omitted). In order to completely preempt state-law causes of action, the "federal law must both: (1) conflict with state law (conflict preemption) and (2) provide remedies that displace state[-]law remedies (displacement)." *Id.* (internal citations omitted).

///
///
///
///
///
///

### B. Defendants Fail to Establish that Federal Question Jurisdiction Exists Based on Federal Preemption

Defendants' sole basis for removal is that the FRSA completely preempts the Complaint. (Removal ¶ 20; Opp'n 3, ECF No. 24.) Specifically, Defendants argue that the FRSA's election of remedies

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 17-00422 SJO (SPx)     **DATE:** April 17, 2017

provision bars a railroad employee from seeking protection under both the FRSA "and another provision of law for the same allegedly unlawful act of the railroad carrier." (Removal ¶ 28) (citing 49 U.S.C. § 20109(f).) Thus, Defendants argue, by virtue of Plaintiff's filing of the Whistleblower Complaint "for the same allegedly wrongful acts that he now alleges in his instant state law case," federal jurisdiction is triggered. (Removal ¶¶ 20-21.) The Court disagrees.

To begin, Defendants' removal is procedurally improper. Defendants incorrectly argue that the Complaint presents a federal question on its face because, *inter alia*, the retaliation claim is completely barred by Plaintiff's Whistleblower Complaint. (Opp'n 6.) On the contrary, the Complaint does not allege any claims arising out of federal law.[4] Under the well-pleaded complaint rule, Defendants cannot rely on a preemption defense to remove the action unless the complete preemption exception applies. As discussed below, Defendants have not demonstrated that it does.

Defendants fail to address, let alone prove, the necessary components for complete preemption: that the FRSA both "conflicts with state law" and "provides a remedy that displaces state law remedies" with respect to retaliation and harassment claims. *See Sullivan v. BNSF Ry. Co.*, 447 F. Supp. 2d 1092, 1098 (D. Ariz. 2006) (citing *Botsford*, 314 F.3d at 393). Notably, Defendants ignore the statutory language of the FRSA provision governing employee protections: "**Nothing in this section preempts** or diminishes any other safeguards against discrimination, demotion, discharge, suspension, threats, **harassment**, reprimand, **retaliation, or any other manner of discrimination provided by Federal or State law**." 49 U.S.C. § 20109(g) (emphases added); *see Gonero*, 2009 WL 3378987, at *3 (citing 49 U.S.C. § 20109(g)) ("The FRSA no longer preempts state law retaliation claims. Therefore, plaintiff could ordinarily pursue to finality his state common law claims in addition to vindicating the statutory rights under the FRSA, and the election of remedies doctrine would not bar multiple recoveries.").

In cases where the Supreme Court has found complete preemption, "the federal statute[ ] at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank v. Anderson, et al.*, 539 U.S. 1, 8 (2003). However, the FRSA contains "no express or implied cause of action authorizing suit by a private individual." *Nippon Yusen Kaisha v. Union Pac. R.R. Co.*, No. CV 04-08861 GAF, 2005 WL 1241866, at *1 (C.D. Cal. May 10, 2005). Furthermore, that Plaintiff alleges public policies under both the FRSA and the CLC, as well as CLC violations, (*see* Compl. ¶¶ 53-54, 56-57, 108-121), suggests the absence of complete preemption. *See, e.g.*, *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir. 1997) (concluding that plaintiff's citation to the federal policy protecting

---

[4] A complete preemption defense cannot form the basis of removal. *Franchise Tax Bd.*, 463 U.S. at 14. Neither do Plaintiff's references to the FRSA and its public policy in the Complaint trigger federal-question jurisdiction. (Compl. ¶¶ 52, 54-55.) *See Easton v. Crossland Mortg. Corp.*, 114 F.3d 979 (9th Cir. 1997).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 17-00422 SJO (SPx)          DATE: April 17, 2017

whistleblowers under the False Claims Act "does not alter the fundamental nature of his state-law tort action" where, *inter alia*, "California statutory law establishes the same public policy element as the FCA and provides an alternative state-law theory to support [plaintiff's] case").

Defendants insist that pursuant to the election of remedies provision, 49 U.S.C. section 20109(f), the FRSA completely preempts this action. (Opp'n 4.) The provision states that an employee "may not seek protection under both this section and another provision of law for the same allegedly wrongful act of the railroad carrier." 49 U.S.C. § 20109(f); *see Gonero*, 2009 WL 3378987, at *3 ("The doctrine of election of remedies precludes plaintiffs from pursuing remedies inconsistent with a previous election or conduct . . . .") (citations omitted). "Although the FRSA permits an employee discharged for refusal to assist in the violation of any federal law relating to railroad safety to file a complaint with the Secretary of Labor, the Act specifically provides that it is **not to be construed 'to diminish the rights, privileges, or remedies of any employee under any Federal or State law** . . . ." *Ruiz v. Union Pac. R.R. Co.*, No. CV 09-00797 SJO, 2009 WL 650621, at *2 (C.D. Cal. Mar. 10, 2009) (quoting 49 U.S.C. § 20109(a)) (emphasis added); *see also Gonero*, 2009 WL 3378987, at *5 ("[R]ailroad employees do not forfeit their rights under state law when they invoke the protections of the FRSA."). Defendants do not show how, in spite of this clear statutory language, the FRSA would preempt Plaintiff's state law claims. (*See* Opp'n 4; *see Ruiz*, 2009 WL 650621, at *2 ("As a result of the lack of a federal cause of action for private individuals in the FRSA, which explicity states that it is not intended to diminish an employee's state-law rights, the FRSA does not displace Ruiz's state-law claims.").)

Furthermore, even assuming, *arguendo*, that Plaintiff's Whistleblower Complaint and the instant Complaint allege the same conduct by Defendants, and that the FRSA did displace the state-law remedies, Defendants' argument still fails. The Whistleblower Complaint is still pending. (*See* Opp'n 1; Removal ¶ 21; Gassaway Decl. ¶ 4) ("It is my understanding and belief that Thomas Dipley's [Whistleblower Complaint] is still pending."). However, "[t]o 'elect' a remedy typically requires more than the mere commencement of a suit: 'a plaintiff may pursue an action against an identical defendant in several courts at the same time, even though inconsistent remedies are sought. But . . . there can be only one recovery.' Generally, a conclusive election is made only where the first suit is prosecuted to a judgment or some elements of estoppel are present."[5]

---

[5] Contrary to Defendants' averments, (Opp'n 1, 11-12), *Gonero* rejected the arguments that the mere filing of an OSHA complaint qualifies as an "election" of remedies. *Id.* at *5 (finding that to find otherwise "ignores the clear intent expressed" by sections 20109(g) and (h)). Furthermore, the Fourth and Seventh Circuit cases that Defendants cite, *Lee v. Norfolk*, 802 F.3d 626 (4th Cir. 2015), and *Reed v. Norfolk S. Ry. Co.*, 740 F.3d 420 (7th Cir. 2014), are inapposite and do not support what Defendants purport that they do–that the election of remedies provision "completely barred the **filing** of multiple whistleblower claims for the same allegedly wrongful act of the railroad, without any mention of an estoppel requirement." (Opp'n 11) (emphasis in original). *Lee* held that a single suspension done

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 17-00422 SJO (SPx)            DATE: April 17, 2017

*Gonero*, 2009 WL 3378987, at *3 (quoting *Sears, Roebuck & Co. V. Met. Engravers, Ltd.*, 245 F.2d 67, 69-70 (9th Cir. 1956)). "Subsections (g) and (h) do not prevent a railroad employee who has filed a complaint with the Department of Labor from pursuing other available state remedies." *Gonero*, 2009 WL 3378987, at *5 ("In this case, plainitff sought to vindicate his rights under the FRSA through the administrative process described in § 20109(d), which went nowhere. He then turned to the protections of California common law in this action.") In sum, Defendants fail to establish that the election of remedies provision bars Plaintiff's claims.

Finally, in their Removal, Defendants argue that the Court has jurisdiction "over OSHA claims that have exceeded 210 days." (Removal ¶ 41.) This conclusion is meritless. Generally, if OSHA does not issue a final decision within 210 days after the filing of the whistleblower complaint, "the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy . . . ." *See* 49 U.S.C. § 20109(d)(3). Plaintiff did not elect to do so. In sum, because Defendants do not demonstrate that complete preemption applies, and raise no other grounds for removal, the Court lacks subject matter jurisdiction and must remand the action.[6] Finally, the Court **DENIES** Plaintiff's request for costs and attorney's fees under 28 U.S.C. section 1447(c). (Mot. 5.)

///
III.   RULING

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion, and **REMANDS** the action to the Superior Court for the County of Riverside. No costs or attorney's fees shall be awarded. This case shall close.

IT IS SO ORDERED.

---

for two allegedly different reasons amounted to two separate unlawful acts under FRSA under the election of remedies provision, *see* 802 F.3d at 628; *Reed* court held that "[t]he election-of-remedies provision only bars railroad employees from seeking duplicative relief under overlapping antiretaliation or whistleblower statutes . . . ." 740 F.3d at 426. Again, Defendants do not demonstrate that the CLC and FRSA are "overlapping" statutes.

[6] Defendants do not argue that the Court has diversity jurisdiction. It appears that there is a lack of complete diversity between the parties. (*See generally* Compl.)